JOSEPH STULBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10874.   Promulgated April 10, 1928.

*Harold V. Bradley, Esq.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.

464

OPINION.

TRAMMELL: In support of the contention of the petitioner that the Broadway Theatre, which was received as part of the purchase price of the property sold in 1920, did not have a fair market value of $30,000, the only testimony is that of the counsel for the petitioner. He testified that he had been an attorney and a loan broker for about 15 years and as such was qualified to express an opinion as to whether the property had a market value or not. He testified that it would not have a fair market value because and solely for the reason that it was a "single purpose" property, and that such property would not have a market value. Counsel for the petitioner contended that it was not necessary "to prove that the property in question could not be sold readily for $30,000, nor for any other figure," nor was it "necessary to prove his (our) contention by direct evidence bearing upon the property in question and there is no difference between the 1918 and 1921 Revenue Acts with respect to the question here involved."

The petitioner devoted a considerable portion of his brief in support of the proposition that the "readily realizable market

value" contained in section 202 (c) of the Revenue Act of 1921, has the same meaning and effect as the "fair market value" contained in section 202 (b) of the Revenue Act of 1918.

In view of the evidence in this case, however, we do not think it is necessary to discuss that question. The petitioner in his brief stated:

At no time has there been any attempt to prove that $30,000 was or was not a fair price for the property in question or that said price was too high or too low. There has never been any attempt to prove that the taxpayer could not have readily realized $30,000 for the property in question on the open market and within a reasonable time. This is still a matter of conjecture. The taxpayer has always contended and still strenuously contends and has attempted to prove that if said price of $30,000 was a fair price he would in all probability be unable to sell the same at that price, or in other words, there was no reasonable expectation that he would be able to find a purchaser willing to give a fair price for said building within a reasonable time after July 1, 1920.

We do not think that the statement of the witness that this property had no fair market value because in his opinion no "single purpose" property has a market value is sufficient to overcome the presumption of the correctness of the determintion of the respondent.

With respect to the second question, that is, as to whether the Commissioner may " assert a different interpretation of the law than that followed by the taxpayer and assess an additional tax at any time within the limit set forth in subdivision (d) of section 250 of the Revenue Act of 1918 " we are convinced that the respondent has all the time allowed him by statute to assert a deficiency and interpret the law and the facts differently from the interpretation placed thereon by the petitioner in his return. The petitioner takes the position that section 250 (b) of the Revenue Act of 1918 is a limitation upon section 250 (d) and that since the respondent has not " as soon as practicable " after the return was filed examined it, he can not subsequently assert a deficiency, although his action is well within the period provided in section 250 (d), that is, within five years after a return was due or filed. While section 250 (b) requires the Commissioner to examine the return as soon as practicable, section 250 (d) prescribes the limitations within which he may determine and assess the tax. There is no testimony here, however, that the respondent did not comply strictly with both subdivisions (b) and (d) of section 250.

*Judgment will be entered for the respondent.*